**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABUBAKARR SESAY,<br><br>                    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 09-73805<br><br>Agency No. A079-281-729<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Abubakarr Sesay, a native and citizen of Sierra Leone, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Even assuming Sesay is credible, substantial evidence supports the agency's finding that the government rebutted the presumption that Sesay has a well-founded fear of future persecution with evidence of the end of the civil war and the government's reassertion of control over the country. *See id.* ("U.S. Department of State country reports are the most appropriate and perhaps the best resource for information on political situations in foreign nations.") (internal quotation marks omitted). We lack jurisdiction to address Sesay's conclusory contention that he is eligible for humanitarian asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). We also lack jurisdiction to address Sesay's unexhausted contention that there is a pattern or practice of persecution of members of his tribe. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Sesay's asylum claim fails.

Because Sesay failed to meet the lower burden of proof for asylum, it follows he has not met the higher standard for withholding of removal. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n.5 (9th Cir. 2003).

Finally, the record does not compel the conclusion it is more likely than not that Sesay will be tortured if he returns to Sierra Leone. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Accordingly, Sesay's CAT claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**